U.S. DIST. COURT EAST DIST WISC
FILED

APR 2 9 2002

AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

Copy mailed to attorneys for parties by the Court pursuant to Rule 49(c) Federal Rules of Criminal Procedure. 4/30/02

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **EUGENE WALKER** | Case Number: 99-CR-168 |
| | Michael Steinle |
| | Defendant's Attorney |
| | Gail Hoffman |
| | Assistant United States Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) _____ count one of the superseding indictment _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| Title 21, U.S. Code §841(a)(1) & 846, and 18 U.S.C. § 2 | conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, as principal or aiding and abetting | 9/14/99 | 1 |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) _two_ ☒ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 3/11/61
Defendant's USM No.: 05673-089

Defendant's Residence Address:
2123 N. 48th Street

Milwaukee, WI 53208

Defendant's Mailing Address:
same

4/26/02
Date of Imposition of Judgment

Signature of Judicial Officer

Judge Lynn Adelman
Name & Title of Judicial Officer

4/29/02
Date

AO 245B (Rev. 3/01) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

Defendant: EUGENE WALKER
Case Number: 99-CR-168

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **70 months on count one.**

☒ The court makes the following recommendations to the Bureau of Prisons: placement as close to Milwaukee as possible for continued family support.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☒ before 2 p.m. on <u>date designated</u> by U.S. Probation Office

    ☐ as notified by the United States Marshal.

    ☐ before 2 p.m. on a date within 30 days of sentencing; Probation or Pretrial Services Office will notify the defendant of the designated date and institution.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 3/01) Judgment in a Criminal Case:
    Sheet 3 - Supervised Release

Defendant: EUGENE WALKER
Case Number: 99-CR-168

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five years on count one.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Case 2:99-cr-00168-EA Document 441 Filed 04/29/02 Page 3 of 6

AO 245B (Rev. 3/01) Judgment in a Criminal Case:
    Sheet 3A - Supervised Release

Defendant: EUGENE WALKER
Case Number: 99-CR-168

## ADDITIONAL SUPERVISED RELEASE TERMS

1.  Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2.  The defendant is not to possess any firearms or other dangerous weapons.

3.  Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervision term and the defendant will be obligated to serve a further term in prison. The defendant shall refrain from any unlawful use of a controlled substance.

4.  The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the supervising probation officer, until such time as he is released from such program by the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the period of this supervision. The defendant shall pay the cost of this program as directed by the supervising probation officer.

5.  The defendant is not allowed to work at a tavern or be allowed to patronize taverns or any establishments where alcohol is the principal item of sale.

6.  The defendant is to pay any balance of the fine at a rate of not less than $100.00 per month. The defendant will also apply 100 percent of his yearly federal and state tax refunds toward payment of the fine. The defendant shall not change exemptions without prior notice to the supervising probation officer.

7.  The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.

8.  The defendant is to cooperate with the Child Support Enforcement Unit in payment of any child support or arrearages and to make regular payments at the direction of the supervising probation officer.

9.  The defendant is to cooperate with the IRS and submit all delinquent tax returns and pay all back taxes and interest at the direction of the supervising probation officer.

AO 245B (Rev 3/01) Judgment in a Criminal Case:
Sheet 5 - Criminal Monetary Penalties

Defendant: EUGENE WALKER
Case Number: 99-CR-168

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $1000.00 | $ |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $_____

☐ If defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev 3/01) Judgment in a Criminal Case:
    Sheet 6 - Schedule of Payments

Defendant: EUGENE WALKER
Case Number: 99-CR-168

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____ , or

☒ in accordance with ☐ C, ☐ D, or ☒ E below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C** ☐ Payment in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program as a necessary part of the repayment of this obligation. Payments are to apply first toward the special assessment and then to the fine until paid in full.

Upon release from imprisonment to supervised release, the defendant shall pay any balance of the fine at a rate of not less than **$100.00** per month, to commence 60 days after release from imprisonment. The defendant shall also apply 100 percent of his yearly federal and state tax refunds toward payment of the fine.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
    Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: all items listed in the indictment

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.